UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN VALDIVIA,

          Plaintiff,

   v.

MIRIAM VASQUEZ, et al.,

          Defendants.

Case No.: 1:24-cv-00597-SKO

**ORDER CONSTRUING LODGED FIRST AMENDED COMPLAINT TO BE MOTION TO AMEND COMPLAINT AND PROPOSED FIRST AMENDED COMPLAINT**

(Doc. 20)

**ORDER TERMINATING MOTION TO DISMISS FILED AUGUST 15, 2025**

(Doc. 15)

**ORDER DIRECTING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO MOTION TO DISMISS FILED NOVEMBER 5, 2025, WITHIN 30 DAYS**

Plaintiff John Valdivia, a civil detainee, is appearing pro se and *in forma pauperis* in this civil rights action. This action proceeds on Plaintiff's constitutional claims against Defendant Vasquez.

## I.    RELEVANT BACKGROUND

On August 15, 2025, Defendant filed a Notice of Appearance (Doc. 11), Defendant Miriam Vasquez's Notice of Motion and Motion to Dismiss (Doc. 12), Defendant Miriam

1    Vasquez's Memorandum of Points and Authorities in Support of Motion to Dismiss (Doc. 13), a

2    second or duplicate Notice of Appearance (Doc. 14), and a second filing titled Defendant Miriam

3    Vasquez's Notice of Motion and Motion to Dismiss (Doc. 15).

4         On August 20, 2025, Defendant filed Defendant Miriam Vasquez's Notice of Errata

5    Regarding Motion to Dismiss. (Doc. 16.)

6         In response to Defendant's notice of errata, the Court entered a minute order on August

7    21, 2025. (*See* Docket Entry No. 17.) At Defendant's request, the Court struck docket entry

8    numbers 12 and 13 as filed in error. (*Id*.) The Court also directed Plaintiff "to file any opposition

9    or statement of non-opposition" to the motion to dismiss "within 21 days of the date of this

10   minute order." (*Id*.)

11        On September 19, 2025, when Plaintiff failed to respond within 21 days, the Court issued

12   its Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's

13   Failure to File an Opposition or Statement of Non-Opposition. (Doc. 18.) Plaintiff was directed to

14   respond in writing explaining why sanctions should not be imposed, or, in the alternative, to file

15   an opposition or statement of non-opposition to Defendant's motion within 14 days. (*Id*. at 3.)

16   On October 8, 2025, Defendant filed Defendant's Notice of Plaintiff's Non-Opposition to

17   Defendant's Motion to Dismiss. (Doc. 19.)  On October 20, 2025, the Court lodged Plaintiff's

18   first amended complaint. (Doc. 20.)

19        On November 5, 2025, Defendant filed a second motion to dismiss, addressing the

20   substance of Plaintiff's first amended complaint. (Doc. 21.)

21        As discussed below, the Court will construe Plaintiff's lodged first amended complaint to

22   include a motion to amend and grant the motion. It will also terminate the original motion to

23   dismiss filed by Defendant, and direct Plaintiff to file either an opposition or statement of non-

24   opposition to the second motion to dismiss filed by Defendant on November 5, 2025.

25   **II.    DISCUSSION**

26            ***Plaintiff's Lodged First Amended Complaint Will Be Filed***

27        As noted above, Plaintiff submitted a first amended complaint, presumably in response to

28   the Court's OSC and Defendant's notice that he failed to file an opposition to the August 15,

2

2025, motion to dismiss; the amended complaint was *lodged*, not filed, with the Court. (*See* Doc. 20.)

Plaintiff's October 20, 2025, submission of an amended complaint is procedurally deficient because it did not include a motion seeking leave to amend. Such a motion is required because Defendant had already appeared in the action. *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires"); *see also* Local Rule 220. The Court will nonetheless construe Plaintiff's lodged first amended complaint to include a motion for leave to amend, and, to that extent, will grant the motion and direct the Clerk to file the lodged complaint.

### *Defendant's Original Motion to Dismiss Will Be Terminated as Moot*

Defendant filed a second motion to dismiss following Plaintiff's October 20, 2025, submission, addressing the merits of Plaintiff's lodged amended complaint. Accordingly, the Court will terminate the original motion to dismiss, filed August 15, 2025, as moot.[1] The Court will also construe Defendant's second motion as an indication that Defendant is willing to proceed without the Court screening the amended complaint.[2]

### *Plaintiff Shall File Only an Opposition or Statement of Non-Opposition to Defendant's November 5, 2025, Motion to Dismiss Within 30 Days*

Plaintiff shall be provided 30 days from the date of service of this order within which to file either an opposition or a statement of non-opposition to Defendant's motion to dismiss filed November 5, 2025. Plaintiff may not file another amended complaint in response to Defendant's pending motion.

Pursuant to Local Rule 230(*l*), Defendant will have 14 days from the date Plaintiff's opposition or statement of non-opposition is filed within which to file any reply. No further briefs

---

[1] *See, e.g.*, *Williams v. Jalijali*, No. 2:22-cv-00605-JDP (PC), 2023 WL 4743019, at *1, 3 (E.D. Cal. July 25, 2023) (granting Plaintiff leave to amend and denying Defendant LaCroix's motion to dismiss as moot).

[2] *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (the legal standard for screening and for 12(b)(6) motions is the same). As a result, Defendant's challenges to the claims asserted in Plaintiff's first amended complaint would be subject to the same scrutiny those claims would undergo at screening.

will be entertained by the Court. Once briefing has concluded and the motion is deemed submitted, the undersigned will issue findings and recommendations.

### III.    CONCLUSION AND ORDER

Based upon the foregoing, this Court **HEREBY ORDERS**:

1. The first amended complaint lodged with the Court on October 20, 2025, is construed to be a motion for leave to amend and a proposed first amended complaint;

2. Plaintiff's motion for leave to amend is **GRANTED**;

3. The Clerk of the Court is **DIRECTED** to *file* the lodged first amended complaint (Doc. 20) on the docket;

4. The Clerk of the Court is **DIRECTED** to terminate Defendant's motion to dismiss filed August 15, 2025 (Doc. 15) as moot;

5. **Within 30 days** of the date of service of this order, Plaintiff **SHALL** file either an opposition or a statement of non-opposition *only* to Defendant's motion to dismiss filed November 5, 2025 (Doc. 21). Plaintiff may not file another amended complaint in response to Defendant's pending motion; and

6. Plaintiff is **ADVISED** that any failure to file either an opposition or a statement of non-opposition within 30 days, as ordered above, will result in the Defendant's November 5, 2025, motion being deemed unopposed.

IT IS SO ORDERED.

Dated:    **November 7, 2025**                    */s/ Sheila K. Oberto*

                                                    UNITED STATES MAGISTRATE JUDGE

4